Confessions are either voluntary or involuntary. They are called voluntary when , made neither under the influence of hope of fear, but are attributable to that love of truth which predominates in the breast of every man, not operated upon by other motives more powerful with (262) him, and which, it is said, in the perfectly good man cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope or extorted by fear are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected. It seems to be admitted in this case that the confessions first made were of that character, and were therefore rejected; but that, being repeated to same person some time afterwards, they lost their original character, assuming that of free and voluntary ones, and became evidences of the truth. But for what reason I am at a loss to conceive. How or whence does it appear that the motives which induced the first confession had ceased to operate when it was repeated? It is not incumbent on the prisoner to show that they resulted from the same motives. It is presumed that they did, and evidence of the most irrefragable kind should be produced to show that they did not. It is sufficient that they may proceed from the same cause, 4 Starkie, 49, In fact, the latter confessions are mere duplicates of the first, and it might as well be said that the copy is more perfect than the original. Had the prisoner gone further in the last confessions than in the first, such further admissions are all *Page 157 
of the same character, and are supposed to flow from the same source. As to the confessions being corroborated by other testimony, that cannot affect the case. They were admissible or inadmissible, of themselves. It is true that where a fact has been ascertained through extorted confessions, such fact may be proven: as if the prisoner disclose the place where the stolen goods were concealed, it may be shown that the goods were found there; but nothing that the prisoner said in regard to them is admissible. Were it not for authority, which I am not prepared wither to admit or deny, I would say that nothing but the insulated fact pointed out by the prisoner's confession should be proven; not even that the discovery was (263) made by means of the confessions. 4 Starkie Ev., 51. These corroborating circumstances, I think, were improperly received, and this upon authority, as well as reason; for the confessions cannot be propped by circumstances tending to establish their probability. The evidence showing that must rest on its own basis, and cannot be propped by confessions improperly obtained.
PER CURIAM. Judgment reversed, and new trial awarded.
Cited: S. v. Scates, 50 N.C. 422; S. v. Fisher, 51 N.C. 481; S. v.Mitchell, 61 N.C. 448; S. v. Lawhorne, 66 N.C. 639; S. v. Drake,82 N.C. 596; S. v. Ellis, 97 N.C. 449; S. v. Drake,113 N.C. 624; S. v. Brittain, 117 N.C. 783; S. v. Davis,125 N.C. 614.